**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

IN RE: YAMAHA MOTOR CORP. RHINO        Master File No. 3:09-MD-2016-JBC
ATV PRODUCTS LIABILITY LITIGATION     MDL No. 2016

_____

THIS DOCUMENT RELATES ONLY TO        JENNIFER B. COFFMAN,
BOBBY WILLIAMS V.                   U.S. DISTRICT JUDGE
YAMAHA MOTOR CO., LTD, ET AL.,
3:09-CV-196-JBC

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the plaintiff's motion to remand this case to the District Court of Adair County, Oklahoma (R. 19). Because the plaintiff's motion is untimely, the court will deny the motion

The plaintiff, Bobby Williams, brought this action seeking damages incurred as a result of an accident involving a Yamaha Rhino. He named as defendants Yamaha Motor Corporation, USA ("YMUS"); Yamaha Motor Manufacturing Corporation of America ("YMMC"); Yamaha Motor Co., Ltd ("YMC"); and Siloam Springs Yamaha.

The plaintiff argues that removal to federal court was improper because all of the defendants did not consent to the defendants' notice of removal. The plaintiff contends that removal requires the consent of all defendants and that without that consent, the case must be remanded.

Williams filed this action in the District Court of Adair County, Oklahoma on September 5, 2008. *See* R. 2, exhibit 3. On October 17, 2008, defendants YMUS

and YMMC jointly removed the action to the United States District Court for the Eastern District of Oklahoma, and it subsequently was transferred to this court for inclusion in a multi-district litigation proceeding. *See* R. 2. The plaintiff filed this motion to remand on January 8, 2009. *See* R. 19.

The lack of defendants' unanimous consent to removal is a procedural defect. *See, e.g.*, *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578 (10th Cir. 1997); *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F.Supp. 812 (M.D. Tenn. 1989). A motion to remand based on a procedural defect in the removal must be filed within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c).

Here, the plaintiff's motion to remand, which is based on a procedural defect, was filed almost three months after the notice of removal was filed. It was therefore filed well outside of the thirty-day window allowed by federal statute.[1]

Accordingly, **IT IS ORDERED** that the plaintiff's motion to remand (R. 19) is **DENIED**.

---

[1]Nor is it clear that even a timely motion would have been meritorious, as the defendants contend that the two non-consenting defendants had not been served as of the date the notice of removal was filed. YMMC and YMUS were served on September 29, 2008. *See* R. 2, exhibit 4. The defendants state that as of October 17, 2008, the plaintiff had not served either YMC or Siloam Springs Cycle (the defendants refer to an exhibit 1 as proof, but the court finds no exhibit attached to their motion) and the plaintiff acknowledges as much in his motion. *See* R. 20, p. 3. The consent to removal of non-served defendants is not required. *See generally* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) (observing that "as many cases have held, defendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal").

Signed on  August 31, 2009

Jennifer B. Coffman, Judge
United States District Court